UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DMITRY YURYEVICH PRONIN,

    Petitioner,

v.                                                 Case No. 2:20-cv-790-JLB-MRM

U.S ATTORNEY GENERAL, SECRETARY
OF DEPARTMENT OF HOMELAND
SECURITY, LIANA J. CASTANO, JUAN
ACOSTA, and GLADES COUNTY
SHERIFF,

    Respondents.
_____

## ORDER OF DISMISSAL

This cause is before the Court on Petitioner Dmitry Yuryevich Pronin's petition for writ of habeas corpus, filed under 28 U.S.C. § 2241. (Doc. 1.) At the time of filing, Pronin was held as a criminal alien at the Glades County Detention Center in Moore Haven, Florida. (Id.) The petition challenges the conditions of confinement at the detention center, and Pronin seeks immediate release from immigration custody due to the COVID-19 pandemic and underlying health issues. (Id. at 8.) Respondent moves to dismiss the petition as moot because Pronin is now in the custody of the Baltimore County Sherriff's Office under a homicide warrant. (Doc. 19.)

For the reasons explained below, the petition is dismissed because the requested relief is not cognizable on federal habeas review. Alternatively, the

petition is dismissed as moot because Pronin has been transferred to the custody of the Baltimore County Sherriff's Department.

## I.     Background and Procedural History

Pronin is a native and citizen of Russia. (Doc. 18-1.) Pronin was admitted to the United States as a visitor on, or about, June 13, 2009. (Id. at 2.) On September 21, 2011, Pronin was convicted in the United States District Court for the District of Delaware for armed bank robbery and brandishing a firearm during a crime of violence. (Doc. 18-3 at 1.) Pronin was sentenced to 120 months in prison. (Id. at 2.) On June 11, 2015, Pronin was convicted of second-degree murder in Maryland and sentenced to 25 years in prison. (Doc. 18-2 at 3.)

Pronin was placed into removal proceedings after the completion of the sentence on the armed robbery conviction through the issuance of a Notice to Appear on March 23, 2020. (Doc. 18-6 at 2.) On April 3, 2020, Pronin was taken into custody by Immigration and Customs Enforcement (ICE). (Doc. 18-5.) Pronin was transferred to Glades County Detention Center on April 21, 2020. (Id.) On May 13, 2020, the immigration judge denied Pronin's request for release on bond and determined that Pronin was subject to mandatory detention. (Id.) On September 17, 2020, the immigration judge ordered Pronin's removal to Russia. (Id.) Thereafter, Pronin was transferred to the Krome North ICE Facility in Miami, Florida, subject to mandatory detention. (Id.) On December 18, 2020, Baltimore County, Maryland authorities took custody of Pronin pursuant to a homicide warrant/commitment order. (Doc. 18-4 at 2; Doc. 18-7.)

## II. Discussion

Pronin filed her 28 U.S.C. § 2241 petition on October 5, 2020. Pronin does not challenge any immigration proceedings. (Doc. 1 at 2, 5.) Rather, Pronin challenges the conditions of confinement at Glades. Pronin states that the bunks at Glades are only two feet apart, and it is impossible to socially distance as directed by the United States Centers for Disease Control and Prevention ("CDC"), leaving Pronin at risk of contracting COVID-19. (Id. at 4.) Pronin suffers from epilepsy, severe mental health disorders, high blood pressure, and post-traumatic stress disorder. (Doc. 3 at 2–3.) The conditions of confinement, coupled with Pronin's assertedly poor health, subject Pronin to a greater-than-average risk of complications if exposed to COVID-19. (Id. at 7.) As a result, Pronin seeks immediate release and a stay of all removal proceedings. (Doc. 1 at 8.)

**A. Petitioner cannot challenge the conditions of her confinement in a 28 U.S.C. § 2241 petition.**

Though circuit courts are divided on whether habeas is ever an appropriate mechanism for challenging the conditions of confinement,[1] the weight of authority

---

[1] Compare Nettles v. Grounds, 830 F.3d 922, 933–34 (9th Cir. 2016) (adopting the view that conditions-of-confinement claims, which fall outside "the core of habeas corpus," must be brought in a civil rights claim rather than in a habeas petition); Spencer v. Haynes, 774 F.3d 467, 469–70 (8th Cir. 2014) (same), Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (same); Davis v. Fechtel, 150 F.3d 486, 490 (5th Cir. 1998) (same); McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811–12 (10th Cir. 1997) (same); Graham v. Broglin, 922 F.2d 379, 381 (7th Cir. 1991) (same); and Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004) (same), with Aamer v. Obama, 742 F.3d 1023, 1036 (D.C. Cir. 2014) (holding that prisoners can challenge the form of detention under habeas); Jiminian v. Nash, 245 F.3d 144, 146–47 (2d Cir. 2001) (allowing prisoners to challenge "prison disciplinary actions, prison transfers, type of detention and prison conditions" as "challenges [to] the

3

in the Eleventh Circuit suggests that it is not. See Vaz v. Skinner, 634 F. App'x 778, 781 (11th Cir. 2015) (finding that section 2241 is "not the appropriate vehicle for . . . a claim challeng[ing] the conditions of confinement"); Helbig v. United States, No. 4:18-cv-449-WS/MJF, 2019 WL 3976571, at *3 (N.D. Fla. July 31, 2019) (recognizing that "Section 2241 . . . does not authorize courts to provide the only relief Petitioner seeks: a reduction in her term of incarceration."); Bryant v. Clay, No. 1:16-cv-01750-LSC-HNJ, 2017 WL 4678484, at *2 (N.D. Ala. Sept. 15, 2017) ("[T]he Eleventh Circuit intimates that the 'appropriate . . . relief from prison conditions that violate the [Constitution] during legal incarceration is to require the discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment,' not a release from confinement pursuant to § 2241 habeas relief."); Sears v. Chatman, No. 1:10-cv-1983-WSD, 2016 WL 1417818, at *23 (N.D. Ga. Apr. 8, 2016) (holding that because the petitioner "assert[ed] only a claim concerning the conditions of his confinement, rather than his sentence . . . his claim '[fell] outside of habeas corpus law'" (citation omitted)).

Therefore, the Court concludes that Pronin's challenge to the conditions at Glades is not cognizable in a section 2241 claim because the petition challenges only the <u>conditions</u> of Pronin's confinement, not its fact or duration.

Although Pronin cannot challenge the conditions of confinement at Glades under section 2241, Pronin may seek injunctive relief in a traditional civil rights

---

execution of a federal prisoner's sentence" under section 2241); and Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977) (holding that conditions-of-confinement claims are cognizable under section 2241).

4

action, although Pronin cannot seek release from confinement in such an action. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (holding that when the plaintiff challenges "the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). That said, it would be futile to construe the petition as a traditional request for injunctive relief because Pronin has been transferred to the custody of the Baltimore County Sherriff's Department.

**B.     Petitioner's claims are moot.**

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Al Najjar v. Ashcroft, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (quoting Powell v. McCormack, 395 U.S. 486, 496 (1969)). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Id. at 1336 (citation omitted). However, a petition may continue to present a live controversy after release or deportation when there is some remaining collateral consequence that may be redressed by success on the petition. Spencer v. Kemna, 523 U.S. 1, 7–8 (1998) ("Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."); Lopez v. Gonzales, 549 U.S. 47, 52 n.2 (2006) (recognizing that a case is not mooted by a petitioner's deportation if the petitioner could still benefit by pursuing his

5

application for cancellation of removal).   An exception to the mootness doctrine also applies when: (1) the challenged action is too short in duration to be litigated before its cessation or expiration; and (2) there is a reasonable expectation that the same complaining party would face the same action again.   Murphy v. Hunt, 455 U.S. 478, 482 (1982).

The petition challenges <u>only</u> Pronin's detention by ICE and the conditions at Glades County Detention Center—and expressly states that Pronin does not challenge the immigration proceedings.   (Doc. 1 at 2, 5.)   It is undisputed that Pronin has been released from ICE custody and is no longer confined at the Glades County jail.   Therefore, the Court can no longer provide the requested relief.   Should Pronin face ICE detention at Glades in the future, Pronin would not be foreclosed from filing a civil rights action regarding the conditions of confinement, and a decision from this Court concerning her <u>prior</u> detention at Glades would be meaningless.   Thus, none of the exceptions to the mootness doctrine are applicable, and the petition is moot.   See Soliman v. United States ex rel. INS, 296 F.3d 1237, 1243 n.2 (11th Cir. 2002) (finding the section 2241 petition moot after deportation, because the petitioner did not challenge his final order of removal).

### III.   Conclusion

Pronin's conditions of confinement claim is not cognizable under 28 U.S.C. § 2241.   The Court will not liberally construe the petition as a civil rights complaint because Pronin has already received the requested relief—release from Glades

County Detention Center. Because the Court can no longer provide Pronin any meaningful relief "dismissal is required." Al Najjar, 273 F.3d at 1336.

Accordingly, it is now **ORDERED**:

1. Dmitry Yuryevich Pronin's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED as moot**.

2. Petitioner is **DENIED** a certificate of appealability.[2]

3. The Clerk is **DIRECTED** to enter judgment, deny any pending motions as moot, terminate any deadlines, and close this file.

**ORDERED** in Fort Myers, Florida on April 30, 2021.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA: FTMP-2

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[2] A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were 'adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).